UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS, LEXINGTON INSURANCE COMPANY and ZURICH AMERICAN INSURANCE COMPANY, as Subrogees of the Board of Trustees of the University of Illinois,<br><br>        Plaintiffs,<br>v.<br><br>KIEWIT INFRASTRUCTURE COMPANY,<br><br>        Defendant. | Civil Action No.: |

**COMPLAINT AND JURY DEMAND**

Plaintiffs, BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS (the "Board" or "Insured"), LEXINGTON INSURANCE COMPANY ("Lexington") and ZURICH AMERICAN INSURANCE COMPANY ("ZAIC"), as subrogees of the Board of Trustees of the University of Illinois, by and through their counsel, and hereby file this cause of action against Defendant, KIEWIT INFRASTRUCTURE COMPANY ("Kiewit"), and respectfully state as follows:

**INTRODUCTION**

1. This action seeks to recover damages resulting from excavation activity performed by Kiewit near the University of Illinois' College of Urban Planning and Public Affairs (CUPPA), located in Chicago, Illinois.

## PARTIES

2. Plaintiff Board of Trustees of the University of Illinois is a body corporate and politic of the State of Illinois, created and authorized pursuant to Illinois Statute 110 ILCS 305/0.01 et seq. The University of Illinois at Chicago is a campus of Plaintiff which operates a higher educational institution. The property at issue is commonly referred to as the College of Urban Planning and Public Affairs building ("CUPPA Hall" or the "Property"), located at 412 South Peoria Street, Chicago, IL 60607. At all pertinent times hereto, the Plaintiff Board/Insured owned the Property.

3. Plaintiff Lexington is a Delaware corporation approved as a surplus line carrier, providing insurance on a non-admitted basis in the State of Illinois. Lexington has its principal place of business in Boston, Massachusetts.

4. Plaintiff ZAIC is a New York corporation engaged in the insurance business with a statutory home office located at One Liberty Plaza, 165 Broadway, 32nd Floor, New York, New York 10006, and its principal place of business located at 1299 Zurich Way, Schaumburg, Illinois 60196. It is authorized to transact business and has transacted business in Chicago, Illinois.

5. Prior to the loss, Insurer Plaintiffs, Lexington and ZAIC, issued property insurance policies to the Insured, protecting it against loss and

damage to its real and business personal property, including the Property.

6. Upon information and belief, Defendant Kiewit is a Delaware corporation duly authorized to conduct and transact business in the State of Illinois. Its principal place of business is in Omaha, Nebraska.

## JURISDICTION AND VENUE

7. The amount in controversy in this lawsuit is within the jurisdiction of this Court and exceeds the Court's minimum requirement of $75,000.00.

8. The United States District Court for the Northern District of Illinois has jurisdiction under 28 U.S.C. §1332(a)(1) by there being reason of diversity of citizenship.

## FACTUAL ALLEGATIONS

9. At all relevant times hereto, Lexington provided insurance coverage to the Insured, for the Property, pursuant to written policy bearing number 66095352.

10. At all relevant times hereto, ZAIC provided insurance coverage to the Insured, for the Property, pursuant to written policy bearing number ERP-0174169-01.

11. At all relevant times hereto, Defendant, Kiewit, served as the general contractor for the Illinois Department of Transportation (IDOT), regarding IDOT Contract No: 60W29 commonly referred to as the Peoria Street Bridge Replacement ("the Project").

12. On or about January 6, 2015, the Insured discovered significant damage to the Property due to building shifting/sinking.

13. The Property suffered numerous foundational and structural cracks.

14. The building shift prevented numerous doors and windows throughout the Property from being opened and/or closed.

15. Defendant Kiewit performed all excavation activities at the Project.

16. The Insured retained a structural engineer who opined that the loss resulted from soil shifting and vibration associated with the nearby Project.

17. The Insured notified Kiewit of the damage upon discovery.

18. Initially, Defendant Kiewit agreed to shore the Insured's building at its own cost.

19. In June 2015, Kiewit notified the Insured that it would no longer effectuate repairs.

20. Pursuant to the terms of the policies, Plaintiffs paid and continue to pay the Insured for covered damages and became subrogated to all rights and causes of action of the Insured with respect to the covered damages.

**COUNT I – NEGLIGENCE**

21. Plaintiffs incorporate herein by reference paragraphs 1 through 20 hereof.

4

22. Defendant Kiewit owed a duty to use reasonable care in performing excavation activities with reasonable skill near the Property as not to cause damage.

23. Defendant Kiewit breached its duties to the Insured through acts and/or omissions constituting negligence, including but not limited to:

    a. Failing to properly excavate the area surrounding the Property in a skillful, prudent and workmanlike manner;

    b. Failing to use due care and safety to ensure that any related construction activity in the proximity of the Property was conducted with caution, in an adequate and workmanlike manner;

    c. Failing to recognize the likelihood and seriousness of damage related to improperly excavating the area surrounding the Property;

    d. Failing to properly delegate, hire and/or supervise the workmanship and safety of its employees, representatives, or subcontractors for the services delegated;

    e. Failing to take all necessary and reasonable precautions to prevent the loss and damage to the Insured's property; and

    f. Any other acts and omissions that may become known during the course of discovery.

24. As a direct and proximate result of Defendant Kiewit's negligence, damage to the Property occurred, causing the Insured to incur significant losses and damages that to date exceed $4,000,000.00.

25. As a result of the damages, the Insured submitted a claim to Plaintiffs who were obligated to pay, did pay, and continue to pay the Insured.

**WHEREFORE**, Plaintiffs respectfully request this Court award them a judgment in excess of $4,000,000.00 against Defendant Kiewit in an amount to be proven at trial, together with costs and such other relief as this Court deems proper and just.

### COUNT II – TRESPASS

26. Plaintiff incorporates herein by reference paragraphs 1 through 25 hereof.

27. The Insured owns the Property near the Defendant's construction site.

28. At all times relevant hereto, Defendant Kiewit had actual knowledge that the Property is and was owned by the Insured.

29. Kiewit performed excavation activities as to unlawfully affect the Property.

30. Kiewit knew and intended that their excavation activities would, to a substantial degree, result in an unjustified and unlawful intrusion into the Property.

31. Defendant's excavation activities have wrongfully interfered with the Insured's possessory rights, rendering the building unusable for any reasonable use.

**WHEREFORE**, Plaintiffs respectfully request this Court award them a judgment against Defendant Kiewit in an amount to be proven at trial, together with costs and such other relief as this Court deems proper and just.

Plaintiffs request a trial by jury on all claims so triable.

Respectfully Submitted,

Date: November 30, 2016

/s/Alexander I. Passo
Thomas E. Patterson (No. 3128587)
Alexander I. Passo (No. 6317519)
Patterson Law Firm, LLC
One N. LaSalle St., Suite 2100
Chicago, IL 60602
(312) 223-1699
Fax: (312) 223-8549
tpatterson@pattersonlawfirm.com
apasso@pattersonlawfirm.com
Attorneys for Plaintiffs